# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL INGRAM,<br><br>Defendant. | No. CR 07-4056-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY DETERMINATION OF ADMISSIBILITY OF CERTAIN EVIDENCE AND DEFENDANT'S CROSS-MOTION TO EXCLUDE SUCH EVIDENCE** |

_____

Defendant Michael Ingram is one of two defendants now facing trial, set to begin on March 3, 2008, on a charge of conspiracy to distribute and to possess with intent to distribute 50 grams or more of crack cocaine. *See* Superseding Indictment (docket no. 23).[1] On February 25, 2008, the prosecution filed its Motion For Preliminary Determination Of Admissibility Of Certain Evidence (docket no. 111), and on February 27, 2008, filed a Supplement To Its Motion For Preliminary Determination Of Admissibility Of Certain Evidence (docket no. 116), which are now before the court. In its motion, the prosecution seeks an order granting preliminary admission of this

---

[1] More specifically, the Superseding Indictment charges that, from about 2006 through about August 7, 2007, the defendants knowingly and intentionally conspired with each other and with other persons, known and unknown to the Grand Jury, to distribute and to possess with intent to distribute 50 grams or more of a mixture of substance containing a detectable amount of cocaine which contained cocaine base, commonly called "crack cocaine."

defendant's prior conviction, on October 24, 2001, in Illinois state court, for "manufacture/delivery of a controlled substance." In its Supplement, the prosecution explains that the prosecutor requested and received more specific information regarding the circumstances of the prior offense, including charging documents and a police report. From his review of the charging documents, the prosecutor states that he has found that the offense was charged as possession with intent to deliver less than 1 gram of a controlled substance containing cocaine, and from his review of the police report, he has found, *inter alia*, that police seized cash and baggies containing a white rock substance from the defendant after observing the defendant being given cash by three pedestrians to each of whom he provided something from a box. On February 28, 2008, defendant Michael Ingram filed his Resistance To Government Motion For Preliminary Determination Of Admissibility Of 404(b) Evidence (docket no. 117). In his Resistance, defendant Michael Ingram requests that the court deny the prosecution's motion and, instead, enter an order *in limine* precluding the prosecution from introducing the evidence in question at trial.

The prosecution's motion for pretrial determination of admissibility of evidence was filed well after the deadline for pretrial evidentiary motions set forth in the August 28, 2007, Trial Management Order. *See* Trial Management Order (docket no. 9), § IV(B) ("All trial related motions, including motions in limine, must be filed as soon as practicable, but at least fourteen days before the commencement of trial"). Moreover, the prosecution does not state any reason why it was not "practicable" to file its present motion by the deadline, *see id.*, where the very prior conviction at issue is identified in the October 26, 2007, Superseding Indictment. *See* Superseding Indictment (docket no. 23). Thus, the prosecution's motion could simply be denied as untimely. Nevertheless, the

court will consider the merits of the prosecution's motion, because the admissibility of the prior conviction will likely arise at trial.

The prosecution contends that this defendant's prior conviction is admissible pursuant to Rule 404(b) of the Federal Rules of Evidence and applicable case law, because the prior conviction and the charged offense involve similar conduct (delivery of controlled substances, and more specifically, crack cocaine); the prior conviction occurred in the city that evidence will show is the place where the conspirators acquired the crack cocaine at issue on the present charges; the prior conviction is close in time (2001) to the conduct at issue in this case (from about 2006 through August 7, 2007); and the prior conviction, thus, constitutes relevant evidence of the defendant's motive, intent, plan, and/or absence of mistake or accident in committing the charged offense. In his resistance, defendant Michael Ingram argues that the evidence of his prior conviction should be excluded, because there is no evidence that the prior conviction, some five years before the conduct alleged in this case, has any temporal relevancy to the charged offense; that the prior conviction does not show motive or intent to join a conspiracy to distribute controlled substances and, as such, is not probative of any element of the charged offense; that the evidence will be introduced solely to prove his propensity to engage in criminal misconduct; and that the admission of such evidence would result in undue prejudice under Rule 403, because the jury would be unable to view the prior conviction as anything other than propensity evidence.

Rule 404(b) prohibits admission of prior convictions and "bad acts" simply to show a propensity to commit a charged offense, but does permit such evidence to be admitted for "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." FED. R. EVID. 404(b). The

Eighth Circuit Court of Appeals has explained the scope of admissibility of evidence pursuant to Rule 404(b), as follows:

> While we have interpreted Rule 404(b) to be a rule of inclusion, *see United States v. Sykes*, 977 F.2d 1242, 1246 (8th Cir. 1992), this interpretation does not give the government the unhindered ability to introduce evidence of prior crimes. Instead, the evidence of prior crimes must be 1) relevant to a material issue; 2) similar in kind and not overly remote in time to the charged crime; 3) supported by sufficient evidence; and 4) such that its potential prejudice does not substantially outweigh its probative value. *See United States v. Williams*, 308 F.3d 833, 837 (8th Cir. 2002).

*United States v. Crenshaw*, 359 F.3d 977, 998 (8th Cir. 2004); *accord United States v. Lakoskey*, 462 F.3d 965, 979-80 (8th Cir. 2006) (reiterating that Rule 404(b) is a rule of inclusion and that evidence is admissible under Rule 404(b) if it satisfies the same four-factor test), *cert. denied*, ___ U.S. ___, 127 S. Ct. 1388 (2007). Thus, the Eighth Circuit Court of Appeals will reverse admission of purported Rule 404(b) evidence "'only when such evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts.'" *United States v. Marquez*, 462 F.3d 826, 830 (8th Cir. 2006) (quoting *United States v. Thomas,* 398 F.3d 1058, 1062 (8th Cir. 2005), with internal quotations omitted). However, admission of such evidence is erroneous, for example, where the record shows that the actual use that the prosecution made of the evidence did not demonstrate that the evidence was used for a permissible purpose and the court's limiting instruction failed to mention the prosecution's ostensible purpose as a basis for considering the evidence. *Crenshaw*, 359 F.3d at 1001-02.

As to the first factor in the test for admissibility of such evidence, relevance to a material issue, *see Lakoskey*, 462 F.3d at 979-80; *Crenshaw*, 359 F.3d at 998, the Eighth Circuit Court of Appeals has "frequently upheld the admission of prior drug convictions

to show knowledge and intent when the defendant denied the charged drug offense." *Marquez*, 462 F.3d at 830; *accord United States v. Hessman*, 493 F.3d 977, 983 (8th Cir. 2007). Thus, at least as a general matter, defendant Michael Ingram's prior drug conviction is relevant to his present charge.

The second factor—which is whether the prior conviction is "similar in kind" to the charged offense and not overly remote in time, *see Lakoskey*, 462 F.3d at 979-80; *Crenshaw*, 359 F.3d at 998—is also met here, because the prior conviction involved both the same controlled substance, crack cocaine, and the same substantive conduct, distribution, at issue in the charged conspiracy. Moreover, the prior conviction occurred only four or five years before the conspiracy charged in this case allegedly began, so that, contrary to defendant Michael Ingram's contentions, the prior conviction is not so remote in time as to mitigate substantially its probative value. *See Hessman*, 493 F.3d at 983 (upholding admission of prior convictions two and five years before the charged offense occurred, and quoting *United States v. Adams*, 401 F.3d 886, 894 (8th Cir.), *cert. denied*, 546 U.S. 966 (2005), for the proposition that a four-year interval was "well within the bounds of admission").

The third factor, sufficiency of the evidence of the prior offense, *Lakoskey*, 462 F.3d at 979-30; *Crenshaw*, 359 F.3d at 998, is not clearly met, although the prosecution's Supplement does strongly suggest that the prosecution's evidence of the prior conviction will include the charging documents and possibly the police report. If such evidence is both sufficient and properly limited, this element will also likely be satisfied. *See United States v. Ruiz-Estrada*, 312 F.3d 398, 403-04 (8th Cir. 2002) (the government offered sufficient reliable evidence of a prior conviction in the form of a certified copy of the criminal complaint and a warrant of commitment).

5

Thus, the first three factors in the test for admissibility under Rule 404(b) support admission of the evidence of defendant Michael Ingram's prior conviction.

The fourth factor, the balance of probative value and prejudice, also does not weigh against admissibility of the evidence of the prior conviction. *See Lakoskey*, 462 F.3d at 979-80 (fourth factor is the balance of probative value against prejudice); *Crenshaw*, 359 F.3d at 998 (same); *see also Clark v. Martinez*, 295 F.3d 809, 814 (8th Cir. 2002) (Rule 403 applies to evidence otherwise admissible pursuant to Rule 404(b)); *United States v. Mound*, 149 F.3d 799, 801-02 (8th Cir. 1998) (same), *cert. denied*, 525 U.S. 1089 (1999). Again, because the prior conviction involved the same controlled substance and the same substantive conduct at issue in the present charge, and is not unduly remote in time, the probative value of evidence of the prior crack cocaine conviction appears to be substantial. Furthermore, the potential for unfair prejudice, in the form of conviction of the charged offense because the defendant engaged in prior conduct involving crack cocaine, will likely be substantially—if not fully—mitigated by a limiting instruction reminding the jurors that they may consider this evidence only for purposes permissible under Rule 404(b), not to decide whether defendant Michael Ingram is guilty of the charged offense. *See United States v. Walker*, 470 F.3d 1271, 1275 (8th Cir. 2006) ("[A] limiting instruction [concerning proper use of evidence of a prior conviction] diminishes the danger of unfair prejudice arising from the admission of the evidence."); *Marquez*, 462 F.3d at 830 (there was no abuse of discretion in admitting evidence of prior drug convictions where the district court gave such a limiting instruction); *and compare Crenshaw*, 359 F.3d at 1001-02 (the government's actual use of the evidence of a prior conviction did not demonstrate that the evidence was used to prove intent and the court's instruction failed to mention intent as a basis for considering the evidence).

Thus, recognizing that Rule 404(b) is a rule of "inclusion" and that all factors of the applicable test of admissibility of evidence under the rule have been met, *Crenshaw*, 359 F.3d at 998, the court concludes that Rule 404(b) supports admission of evidence of defendant Michael Ingram's 2001 conviction for manufacture/delivery of crack cocaine.

THEREFORE, the prosecution's February 25, 2008, Motion For Preliminary Determination Of Admissibility Of Certain Evidence (docket no. 111), as supplemented on February 27, 2008 (docket no. 116), is **granted**, and defendant Michael Ingram's cross-motion *in limine* concerning the same evidence in his February 28, 2008, Resistance To Government Motion For Preliminary Determination Of Admissibility Of 404(b) Evidence (docket no. 117) is **denied**. Evidence of defendant Michael Ingram's 2001 conviction for "manufacture/delivery of a controlled substance" is preliminarily determined to be admissible.

**IT IS SO ORDERED.**

**DATED** this 28th day of February, 2008.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA